UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

RAYMOND ALEXANDER FORD, JR., #355796,

    Petitioner,

v.                                        2:09CV143

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

### I. STATEMENT OF THE CASE

#### A. Background

On September 13, 2005, in the Circuit Court of Fairfax County, Virginia, petitioner was convicted of malicious wounding and use of a firearm in the commission of a malicious wounding. Petitioner was sentenced to twenty-two years imprisonment. Petitioner appealed to the Virginia Court of Appeals, but on July 26, 2006, the appeal was denied by a single judge, and on October 23, 2006, the decision was upheld by a three-judge panel. Petitioner then appealed to the Supreme Court of Virginia, which refused the appeal on March 20, 2007.

Petitioner filed a petition for writ of habeas corpus in the Circuit Court of Fairfax County, but on May 23, 2008, the petition was dismissed. Petitioner appealed to the Supreme Court of Virginia, which refused the appeal on December 30, 2008.

On March 26, 2009, petitioner filed a petition for writ of habeas corpus in this Court, and on May 8, 2009, respondent filed a motion to dismiss and Rule 5 answer. This matter is now ripe for consideration.

### B. Grounds Alleged

Petitioner alleges the following grounds:

1. Counsel was ineffective for:

    a. failing to investigate the H&K (Heckler and Koch-type autoloading pistol) firearm or disclose to petitioner that the police suspected an H&K firearm to have been used in the shooting;

    b. failing to interview the state's forensic expert or conduct an independent investigation by consulting an independent forensic expert;

    c. failing to review the evidence before the commencement of trial and failing to request a continuance to conduct an investigation;

    d. failing to interview or investigate Ms. Lee (petitioner's former girlfriend) or disclose to petitioner that Lee was going to be a witness;

    e. failing to make hearsay objections regarding the forensic expert's testimony and the hearsay evidence relied upon by the expert;

    f. failing to object to the improper closing arguments of the prosecutor;

    g. conceding to the Commonwealth Attorney's closing argument;

2. Petitioner's right to confrontation was violated where hearsay evidence relied upon by the forensic expert did not bear adequate indicia of reliability;

3. The forensic expert's testimony should not have been admitted because it was more prejudicial than probative; and

4. The prosecutor's closing arguments were improper and violated petitioner's right to due process and a fair trial.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Motion to Dismiss Standard

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the complaint is construed in the light most favorable to the plaintiffs and their allegations are taken as true. See Brower v. County of Inyo, 489 U.S. 593, 598 (1989)(citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). The complaint should not be dismissed unless it appears to a certainty that the plaintiff can prove no facts in support of his claim which would entitle him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); GE Inv. Private Placement Partners II v. Parker, 247 F.3d 543, 548 (4th Cir. 2001); Martin Marietta Corp. v. Int'l Telecomms. Satellite Org., 991 F.2d 94, 97 (4th Cir. 1993). The courts must construe the complaint liberally in favor of the plaintiffs, even if recovery appears remote and unlikely. In ruling on a 12(b)(6) motion, the court primarily considers the allegations in the complaint but may consider attached exhibits and documents incorporated by reference. See Simons v. Montgomery County Police Officers, 762 F.2d 30, 31 (4th Cir. 1985); Wolford v. Budd Co., 149 F.R.D. 127, 129-32 (W.D. Va. 1993).

### B. Standard of Review for State Court Findings

The federal statute regarding review of state court actions provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly

3

established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(2000).

This standard, adopted by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, is consistent with the Fourth Circuit's interpretation of 28 U.S.C. § 2254(d) prior to the passage of the new law. In Fields v. Murray, 49 F.3d 1024 (4th Cir. 1995), the court held that a review of a state court finding, which is entitled to a presumption of correctness, compels the habeas court to accord a high measure of deference to the state court. See id. at 1032-33 (citing Rushen v. Spain, 464 U.S. 114, 120 (1983); Sumner v. Mata, 455 U.S. 591, 598 (1982)). As stated in Marshall v. Lonberger, 459 U.S. 422 (1983), "[t]his deference requires that a federal habeas court more than simply disagree with the state court before rejecting its factual determinations. Instead, it must conclude that the state court's findings lacked even 'fair [] support' in the record." Id. at 432.

### C. Petitioner's Claims are Exhausted and are Subject to Federal Review.

The exhaustion requirement dictates that a petitioner must first present his claims for relief to state courts before a petition for habeas corpus may be granted by the federal courts.

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--

(A) the applicant has exhausted the remedies available in the courts of the State; or

4

> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> . . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. §§ 2254(b)(1)-(c)(2000).

A claim raised in a federal petition for writ of habeas corpus must be the same claim as that presented in state proceedings. See Picard v. Connor, 404 U.S. 270, 275-76 (1971); Pitchess v. Davis, 421 U.S. 482, 487 (1975); Joseph v. Angelone, 184 F.3d 320, 325 (4th Cir. 1999); Beck v. Angelone, 113 F. Supp.2d 941, 960-61 (E.D. Va. 2000); see also Anderson v. Harless, 459 U.S. 4, 6 (1982); Duncan v. Henry, 513 U.S. 364, 365 (1995); Satcher v. Pruett, 126 F.3d 561, 573 (4th Cir. 1997). Respondent states that all of petitioner's claims are exhausted, except for Claim 1(c).

### D. Petitioner did not receive ineffective assistance of counsel.

The standards upon which claims of ineffective assistance of counsel are to be judged are relatively clear. They were established in Strickland v. Washington, 466 U.S. 668 (1984), and have been applied on numerous occasions by this Court. In Strickland, the Supreme Court approved as the proper standard for attorney performance that of "reasonably effective assistance." Id. at 687. The Court stated:

> The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the

> adversarial process that the trial cannot be relied on as having produced a just result.
>
> . . . .
>
> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

Id. at 686-87.

There are, therefore, two elements of the Strickland test, each of which must be met before the conduct of counsel can be found constitutionally defective. First, petitioner must show that he received deficient legal representation, measuring the competency of his counsel against what "an objectively reasonable attorney would have done under the circumstances existing at the time of the representation." Savino v. Murray, 82 F.3d 593, 599 (4th Cir. 1996). Petitioner must also show actual prejudice; that is, he "must demonstrate that the error worked to his 'actual and substantial disadvantage,' not merely that the error created a 'possibility of prejudice.'" Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997)(quoting Murray v. Carrier, 477 U.S. 478, 494 (1986); Poyner v. Murray, 964 F.2d 1404, 1425 (4th Cir. 1992)).

The burden on petitioner is to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466

U.S. at 694. That translates into a reasonable probability that "absent the errors, the factfinder would have had a reasonable doubt respecting guilt." Id. at 695.

In analyzing trial counsel's performance under the "deficiency" prong of Strickland, a reviewing court is required to be highly deferential in scrutinizing counsel's tactics. See Bennett v. Angelone, 92 F.3d 1336, 1349 (4th Cir. 1996). Further, reviewing courts are admonished to "not permit the benefit of hindsight to impact . . . review." Bell v. Evatt, 72 F.3d 421, 429 (4th Cir. 1995)(citing Strickland, 466 U.S. at 689).

### 1. Claim 1(a)

Petitioner asserts that his trial counsel was ineffective for failing to investigate the H&K firearm or disclose to petitioner that the police suspected that an H&K firearm was used in the shooting. In an affidavit made by trial counsel, counsel stated that he was aware that a H&K 9mm was the suspected weapon in the shooting and that petitioner had told him that he did not own an H&K 9mm. (Swedish Aff., Petr's Ex. at 224.) Considering the fact that petitioner informed his counsel that he had never owned a 9mm pistol and that he denied committing the crime, petitioner has failed to demonstrate that counsel acted deficiently. Furthermore, petitioner cannot establish that he suffered any prejudice by counsel's alleged failure. The claim satisfies neither the deficiency of performance nor the prejudice prong of Strickland. The state court's rejection of the claim was not contrary to or an unreasonable application of federal law, nor was it based on an unreasonable determination of the facts. The claim is without merit and should be DISMISSED.

### 2. Claim 1(b)

Petitioner alleges that his trial counsel was ineffective for failing to interview the state's forensic expert or conduct an independent investigation by consulting an independent forensic expert. Counsel asserts that he "did not feel it was necessary to interview the forensic expert or consult an independent expert." (Swedish Aff., Ex. at 224.) Petitioner makes no proffer as to what would have been gained by further investigation or consulting with an independent expert. As noted earlier, petitioner told counsel that he had never owned a 9mm pistol and that he did not commit the shooting. Counsel filed a motion in limine regarding the forensic evidence, but the motion was denied. (9/12/2005 Tr. at 5-7; 45-49.) Additionally, counsel aggressively questioned the state's forensic expert and attacked his testimony in closing argument. (9/12/2005 Tr. at 215-26; 9/13/2005 Tr. at 118-21.) Petitioner has failed to establish the deficiency of performance and the prejudice prong of Strickland. Furthermore, the state court's rejection of the claim was not contrary to or an unreasonable application of federal law, nor was it based on an unreasonable determination of the facts. The claim is without merit and should be DISMISSED.

### 3. Claim 1(d)

Petitioner alleges that his trial counsel was ineffective for failing to interview or investigate Ms. Lee or disclose to petitioner that Lee was going to be a witness. Counsel asserts that he was not made aware that the Commonwealth was going to call Lee as a witness and that he was not informed by petitioner that Lee would be an adverse witness. (Swedish Aff., Ex. 224 at 1.) Petitioner concedes that even though he had been in contact with Lee after her interview with the police, he never informed trial counsel that the police had questioned Lee and that she might be called as a witness. At trial, Lee testified that she and petitioner had purchased an H&K 9mm, that she left the gun in the house

she shared with petitioner when their relationship ended, and that petitioner called her on at least two occasions to see if the police had questioned her about the gun. (9/12/2005 Tr. at 145-49.) Petitioner confirmed on direct examination that he called Lee and told her that the police would be calling her in the course of their investigation. (9/13/2005 Tr. at 60-61.) Additionally, petitioner spoke with Lee after the police had questioned her and had shown her the receipts for the purchase of the gun. (9/13/2005 Tr. at 71.) Petitioner was in the best position to inform his counsel of Lee's potential testimony. The fact that he chose not to inform counsel cannot be deemed ineffective assistance of counsel. Furthermore, petitioner has failed to establish any prejudice or point to any changes that Lee might have made in her testimony. Therefore, the claim satisfies neither the deficiency of performance nor the prejudice prong of Strickland. The state court's rejection of the claim was not contrary to or an unreasonable application of federal law, nor was it based on an unreasonable determination of the facts. The claim is without merit and should be DISMISSED.

### 4. Claim 1(e)

Petitioner alleges that his trial counsel was ineffective for failing to make hearsay objections regarding the forensic expert's testimony and the hearsay evidence relied upon by the expert. However, this assertion is directly contradicted by the record. Petitioner's attorney made a hearsay objection to the forensic expert's testimony and his use of a ballistics database, but the objection was overruled. (9/12/2005 Tr. at 214-15.) Furthermore, the trial court's ruling was upheld by the Virginia Court of Appeals and the Supreme Court of Virginia. There was no deficient performance by counsel or prejudice to petitioner. The state court's rejection of this claim was not contrary to or an unreasonable application of federal law, nor was it based on an

unreasonable determination of the facts. The claim is without merit and should be DISMISSED.

### 6. Claim 1(f)

Petitioner alleges that his trial counsel was ineffective for failing to object to the Commonwealth Attorney's closing argument that petitioner was aware of the police suspecting the use of the H&K pistol and their suspicion that petitioner had hidden or destroyed the pistol. Lee testified that she had purchased an H&K 9mm pistol with petitioner and that when they separated, she left the pistol in the house that she and petitioner shared. (9/12/2005 Tr. at 145-49.) The forensic expert testified that the cartridge recovered from the shooting "exhibited markings that were indicative of having been fired from" an H&K pistol. (9/12/2005 Tr. at 208.) The prosecution's closing argument was restricted to the law in the case, the evidence adduced from the witnesses, and the exhibits admitted into evidence, therefore, the Commonwealth was free to draw all inferences that were reasonably deductible from the testimony and the exhibits. It is not unreasonable to infer that petitioner knew the police were looking for the weapon since Lee had testified that she and petitioner purchased the gun together and that she left it in the dwelling when they separated. Additionally, Lee testified that petitioner called her to see if she had been contacted by the police in regard to the weapon. (9/12/2005 Tr. at 148.) It is not unreasonable to infer from Lee's testimony that petitioner had possession of the weapon, that he knew the police were investigating the weapon, and that he had disposed of the weapon. Weighing the credibility of the witnesses is a task of the trial court and the jury. Petitioner cannot blame his attorney for the jury finding Lee's testimony more credible than his. The claim satisfies neither the deficiency of performance nor the prejudice prong of Strickland.

Furthermore, the state court's rejection of the claim was not contrary to or an unreasonable application of federal law, nor was it based on an unreasonable determination of the facts. The claim is without merit and should be DISMISSED.

### 7. Claim 1(q)

Petitioner alleges that his trial counsel was ineffective for conceding to the Commonwealth Attorney's closing argument that petitioner knew the police were looking for an H&K pistol. In his closing argument, petitioner's counsel stated:

> Well, there is no evidence that he [petitioner] was ever told anything about an H&K or anything--or any specific weapon from the very beginning. He didn't even know anything about this until the State let us know about it, and that was at least in July. He was not told beforehand anything about an H&K, there's no evidence of that, and that's not in dispute here.

(9/13/2005 Tr. at 120-21.) Far from being the blatant contradiction and concession that petitioner asserts, counsel's closing argument asserted that petitioner had no knowledge of the police interest in the H&K pistol. Furthermore, even if the Court agreed that counsel was ineffective in this instance, petitioner has failed to establish any prejudice as Strickland requires. There was ample evidence to establish that petitioner was aware of the police interest in the H&K pistol, and that is precisely the point trial counsel was attempting to undermine in his closing statement. Furthermore, the state court's rejection of the claim was not contrary to or an unreasonable application of federal law, nor was it based on an unreasonable determination of the facts. The claim is without merit and should be DISMISSED.

### E. Procedural Default

Under Virginia law, a claim included in a petition for habeas corpus will be barred if an objection was not raised at trial and the objection presented on direct appeal. In <u>Coppola v. Warden of Virginia State Penitentiary</u>, 282 S.E.2d 10 (Va. 1981), the Supreme Court of Virginia held that to preserve an issue for appeal and for a habeas corpus proceeding, the issue must be timely objected to at trial. Rule 5:25 of the Supreme Court of Virginia states the contemporaneous objection rule:

> Error will not be sustained to any ruling of the trial court or the commission before which the case was initially tried unless the objection was stated with reasonable certainty at the time of the ruling . . . .

Va. S.Ct. R. 5:25.

The Supreme Court has stated that: "Under Virginia law, failure to raise a claim on direct appeal from a criminal conviction ordinarily bars consideration of that claim in any subsequent state proceeding." <u>Smith v. Murray</u>, 477 U.S. 527, 533 (1986). The Fourth Circuit has held that if a claim is procedurally barred in Virginia courts because it was not brought on direct appeal, it will also be barred in the federal system. <u>Bassette v. Thompson</u>, 915 F.2d 932 (4th Cir. 1990).[1] In <u>Whitley v. Bair</u>, 802 F.2d 1487 (4th Cir. 1986), the court held that the failure of an inmate to directly appeal his conviction to the Supreme Court deprives

> the Virginia Supreme Court of the opportunity to rule on the merits of his claims. We consider such

---

[1] The court in <u>Bassette</u> relied on section 8.01-654(B)(2) of the Virginia Code. <u>Bassette</u>, 915 F.2d at 936. Section 654(B)(2) states: "No writ shall be granted on the basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition." VA. CODE ANN. § 8.01-654(B)(2)(Michie 1992).

12

> failure to constitute a violation of the requirements of Rule 5:21, which applies to appeals of all Virginia cases, civil or criminal, and conclude that such violation constitutes a procedural default sufficient to preclude federal court review of the merits . . . .

Id. at 1502 (citing Va. S.Ct. R. 5:21, repealed and reinstated in substantially similar form as, Va. S.Ct. R. 5:17, 5:25). In Slayton v. Parrigan, 205 S.E.2d 680, 682 (Va. 1974), the Virginia Supreme Court stated a similar proposition: "[a] petition for a writ of habeas corpus may not be employed as a substitute for an appeal or a writ of error." The Supreme Court of the United States recently addressed the same issue in Coleman v. Thompson, 501 U.S. 722 (1991). The Court held that the doctrine of procedural default will bar a federal habeas petition when a prisoner fails to meet a state procedural requirement. Id. at 750. Speaking for the Court, Justice O'Connor said:

> We now make it explicit: In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. . . . We now recognize the important interest in finality served by state procedural rules, and the significant harm to the States that results from the failure of federal courts to respect them.

Id. at 750.

Moreover, the federal court is required to dismiss a procedurally defaulted claim absent a showing of justifiable cause resulting in actual prejudice. Wainwright v. Sykes, 433 U.S. 72 (1977). Petitioner has not made a showing of justifiable cause for his failure to appeal the aforementioned issues to the Court of Appeals and the

13

Supreme Court of Virginia. Therefore, the issue of actual prejudice need not be addressed.

### 1. Claim 1(c)

Petitioner alleges that his trial counsel was ineffective for failing to review the evidence before the commencement of trial and failing to request a continuance to conduct an investigation. However, the claim was not raised in petitioner's state habeas petition and has never been presented to the Supreme Court of Virginia. The claim is procedurally defaulted and should be DISMISSED.

### 2. Claim 2

Petitioner alleges that his right to confrontation was violated when hearsay evidence relied upon by the forensic expert did not bear adequate indicia of reliability. Petitioner's counsel objected to the "hearsay evidence," but the issue of petitioner's right to confrontation was not raised at trial, and the state court only addressed the issue of hearsay evidence. The Virginia Court of Appeals concluded that the forensic expert did not base his evidence on facts not in evidence because he had examined the bullet recovered from the victim in the hospital and the spent cartridge recovered at the scene of the shooting, both of which were admitted into evidence. See Ford v. Commonwealth, Rec. No. 0125-06-4 (July 26, 2006) Slip Op. at 2. Additionally, the Court of Appeals concluded that the FBI ballistics database utilized by the forensic expert is "analogous to a medical treatise consulted by an expert or to a real estate record consulted by a real estate appraiser." Id. at 2. This Court notes that even if the confrontation issue had been raised at trial, the forensic expert testified regarding evidence that had been admitted. Further, the Court agrees with the Virginia Court of Appeals that the ballistics database utilized by all forensic experts is more akin to a treatise consulted by

14

experts and would not raise a confrontation issue. However, since petitioner did not raise the issue of confrontation in his objection at trial, the Claim is procedurally defaulted and should be DISMISSED.

### 3. Claim 4

Petitioner alleges that the Commonwealth Attorney's closing arguments were improper and violated petitioner's right to due process and a fair trial. The claim could have been raised at trial and on direct appeal but was not. This Court notes that petitioner has raised this claim under ineffective assistance of counsel, and as stated above, counsel is free to draw all reasonable inferences that can be deduced from a witnesses' testimony and the exhibits admitted into evidence. Based on the testimony and the evidence admitted at trial, it was not unreasonable for the prosecution to argue that petitioner possessed the H&K 9mm gun, that he knew the police suspected that the H&K he possessed was used in the shooting, and that he had disposed of the weapon. Furthermore, it was not unreasonable for the jury to agree. Regardless, the Claim was not raised at trial and is, therefore, procedurally defaulted and should be DISMISSED.

### F. Claim 3 is Noncognizable.

"[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (citations omitted). In the arena of habeas corpus, federal courts are allowed to "intervene in the state judicial process only to correct wrongs of a constitutional dimension." Wainwright v. Goode, 464 U.S. 78, 83 (1983) (citation omitted). Therefore, if petitioner's claims do not allege a constitutional violation, his claims will fail because they are

15

noncognizable in a federal habeas petition. See Ramdass v. Angelone, 530 U.S. 156, 120 S.Ct. 2113, 2119 (2000); Engle v. Isaac, 456 U.S. 107, 119 (1982); Weeks v. Angelone, 176 F.3d 249, 262 (4th Cir. 1999); Fisher v. Angelone, 163 F.3d 835, 854 (4th Cir. 1998); Huffington v. Nuth, 140 F.3d 572, 584 (4th Cir. 1998); Robinson v. Cross, 121 F. Supp.2d 882, 884 (E.D. Va. 2000); Satcher v. Netherland, 944 F. Supp. 1222, 1250 (E.D. Va. 1996); Griffin v. Virginia, 606 F. Supp. 941, 946 (E.D. Va. 1985).

Petitioner alleges that the forensic expert's testimony should not have been admitted because it was more prejudicial than probative. Petitioner does not allege a constitutional violation, and therefore, the claim is noncognizable in a federal habeas petition. Also, the state court's rejection of the claim was not contrary to or an unreasonable application of federal law, nor was it based on an unreasonable determination of the facts. The claim is noncognizable and should be DISMISSED.

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that petitioner's petition for writ of habeas corpus be DISMISSED and respondent's motion to dismiss be GRANTED. Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten days from the date of mailing of this report to the objecting party, computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(d) of said rules. See 28 U.S.C. § 636(b)(1)(C)(2000); FED.R.CIV.P. 72(b). A party may respond to another party's objections within ten days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. See Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/
James E. Bradberry
United States Magistrate Judge

**Norfolk, Virginia**

**August 4, 2009**

<u>Clerk's Mailing Certificate</u>

A copy of the foregoing Report was mailed this date to each of the following:

Raymond Alexander Ford, #355796, <u>pro se</u>
Keen Mountain Correctional Ctr.
State Route 629
P.O. Box 860
Oakwood, VA 24631

Craig W. Stallard, Esq.
Assistant Attorney General of Virginia
900 E. Main Street
Richmond, VA 23219

Fernando Galindo, Clerk

By _____
           Deputy Clerk

_____August 5_____, 2009